IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-00605-C (BT) |
| | § | |
| DR. MICHAEL PITTMAN, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Shedrick Thornton's "Request for Declaratory and Injunctive Relief" (ECF No. 11). For the following reasons, Thornton's motion should be construed as a request for preliminary injunctive relief or a temporary restraining order, and that request should be denied.

Thornton is an inmate at Dallas County Jail, and he initiated this civil rights action, presumably under 42 U.S.C. § 1983, by filing a complaint on March 10, 2022.[1] At this time, the case is undergoing judicial screening, and the named Defendants have not been served. In his motion received on March 29, 2022, Thornton moves for

---

[1] A prisoner's pleading is deemed filed on the date it is delivered to prison officials for mailing to the clerk of court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Thornton's complaint is signed and dated March 10, 2022, and it is presumed to have been delivered to prison officials on that date. Compl. 9 (ECF No. 3).

1

declaratory judgment on the basis that he was found incompetent to stand trial for a second time in Case Number F14-76804-H, and he remains confined in Dallas County Jail without bond, even though his trial was held on January 12, 2017. He claims that there is a "substantial likelihood" that he will suffer injury in the future in Case Number F19-70256, just as he has suffered in Case Number F14-76804. Mot. 1 ([ECF No. 11](#)). Ultimately, Thornton moves for injunctive relief, he asks for the Court to ensure his bail remains at $10,000 for Case Number F19-70256, and he requests a petition for transfer in Case Numbers F14-76804 and F19-70256 away from Criminal District Court No. 1.

For a movant to demonstrate entitlement to preliminary injunctive relief or a temporary restraining order, he must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is denied, (3) the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) the grant of an injunction will not disserve the public interest. *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974); *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). "The

party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Here, as the moving party, Thornton has the burden of proof to demonstrate entitlement to preliminary injunctive relief or a temporary restraining order. *See Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) ("A preliminary injunction is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors."). Thornton fails to demonstrate that he can show even one of the four necessary elements. Although he claims that there is a "substantial likelihood" that he will suffer injury in the future in Case Number F19-70256, he has failed to come forward with support for this bare allegation. Mot. 1 (ECF No. 11). Thornton's request for a preliminary injunction or a temporary restraining order must therefore be denied. *See Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("The decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule.").

## Conclusion

For the foregoing reasons, the Court recommends that Thornton's "Request for Declaratory and Injunctive Relief" be **DENIED**.

SIGNED April 4, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).