IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON, | § | |
| #220003389, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-00605-C (BT) |
| | § | |
| DR. MICHAEL PITTMAN, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shedrick Thornton, an inmate at the Dallas County Jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983. The Court granted Thornton leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. Ord. (ECF No. 13). For the reasons stated, the Court should dismiss Thornton's amended complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

**Background**

In this lawsuit, Thornton claims that he is being "imprisoned unconstitutionally" because Dr. Michael Pittman, a court-appointed psychiatrist, found him incompetent to stand trial in Dallas County Criminal Court No. 1, apparently in a case where Thornton is accused of violating a protective order/assault/stalking. *See State v. Thornton*, F14-76804-H (Crim. Dist. Ct. No. 1, Dall. Cnty., Tex.).

1

Since he initiated this action on March 15, 2022, Thornton has amended—or attempted to amend—his complaint multiple times, *see* ECF Nos. 6, 10, 30, 36, provided answers to a Magistrate Judge's Questionnaire, *see* ECF No. 23, and supplemented the record with additional facts and exhibits, *see* ECF Nos. 9, 16, 17, 28, 33, 34, 35. However, the Court struck his most recent amended complaint (ECF No. 38) because it was filed without leave of court. *See* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course," and thereafter "only with the opposing party's written consent or the court's leave.").

Earlier, the Court permitted Thornton to amend his complaint to "finalize [the] defendants" and clarify that the only parties against whom he seeks to assert a claim are Dr. Pittman; Assistant Dallas County District Attorney Jessie Allen (ADA Allen); Judge Tina Y. Clinton, for Dallas County Criminal Court No. 1; and Chief Justice Robert Burns, III, for the Fifth District Court of Appeals. Am. Compl. 2 (ECF No. 36). According to Thornton, ADA Allen, Judge Clinton, and Justice Burns are liable to him for "conspiratorial conduct." *Id*. Thornton seeks total damages in excess of $50 million. *Id*.

## Legal Standards

Thornton's pleadings are subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and,] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is deemed frivolous when "it lacks an arguable basis in law or fact." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A court can dismiss a claim as "factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Caldwell v. Raines*, 2022 WL 2209932, at *2 (N.D. Tex. June 21, 2022). A complaint is said to lack an arguable basis in the law when it relies on an "indisputably meritless legal theory." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *see also Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993) (a claim is frivolous if it lacks an arguable basis in law or in fact).

3

The Court liberally construes Thornton's pleadings with all deference due a *pro se* litigant. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); Cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). But even under this liberal standard, Thornton's civil claims are frivolous and should be dismissed.

1. **Dr. Pittman**

According to Thornton, Dr. Pittman, a court-appointed psychiatrist, conducted competency evaluations on Thornton in 2015 and 2022. *See* Compl. 4, 6 (ECF No. 3). Both times, Dr. Pittman concluded Thornton was not competent to stand trial. *Id.* 6. As a result of the latest competency determination, Thornton has been unable to obtain a bond and remains in custody until he can be admitted for "competency restoration." *Id.* Indeed, Thornton alleges that Dr. Pittman engaged in "conspiratorial conduct" with the prosecutor (ADA Allen) and the trial judge (Judge Clinton) in his pending criminal action to deny him bond. Mot. 2. (ECF No. 36). He also speculates that Dr. Pittman violated his HIPPA rights because Dr. Pittman allegedly inquired about Thornton's prior hospitalizations at the Terrell State Hospital and Green Oaks Hospital and obtained medical records from these institutions without first obtaining Thornton's consent or authorization. MJQ Resp. 1 (ECF No. 23).

Thornton's allegations against Dr. Pittman "lack[ ] an arguable basis in law or fact." *Siglar,* 112 F.3d at 193; *see also Booker,* 2 F.3d at 115. His conclusory assertion that Dr. Pittman engaged in "conspiratorial conduct" is not supported by the facts, as they are set forth in his pleadings and response to the Magistrate Judge's Questionnaire. Likewise, the facts do not support Thornton's assertion that Dr. Pittman violated his confidentiality rights under HIPPA. Accordingly, the Court should dismiss Thornton's claims against Dr. Pittman.

**2. Assistant District Attorney Jessie Allen**

Thornton alleges that ADA Allen served him with process on November 15, 2022—after Dr. Pittman determined he was not competent—in violation of "Art. 46B." Am. Compl. 1 (ECF No. 36). He contends that state law requires all criminal proceedings against a defendant must cease when the defendant is found incompetent; and the proceedings cannot resume until a medical examiner determines the defendant's competency has been restored. *Id.* Thornton further alleges that ADA Allen acted with Dr. Pittman, Chief Justice Burns, and Judge Clinton in "conspiratorial conduct." *Id.* 2. But ADA Allen is entitled to absolute immunity with respect to Thornton's claims.

A prosecutor is absolutely immune when "[he] acts in [his] role as an advocate for the state by initiating and pursuing prosecution," or "[his] conduct is 'intimately associated with the judicial phase of the criminal

process.'" *Beck x. Texas State Bd. of Dental Examiners,* 204 F.3d 629, 637 (5th Cir. 2000) (citing *Burns v. Reed,* 500 U.S. 478, 491-92 (1991)). Here, ADA Allen served process on Thornton with process in his role as a state prosecutor, and his act of serving Thornton was "intimately associated with the judicial phase" of the criminal proceedings against Thornton. ADA Allen is thus entitled to absolute immunity, and the Court should dismiss with prejudice Thornton's claims against ADA Allen. *Boyd v. Biggers,* 31 F.3d 279, 285 (5th Cir. 1994) (holding a dismissal based on absolute immunity was properly dismissed with prejudice).

### 3. Judge Tina Y. Clinton and Chief Justice Robert Burns, III

Thornton also alleges that Judge Clinton, the presiding judge for Criminal District Court No. 1, and Justice Burns, the Chief Justice at the Fifth District Court of Appeals, engaged in "conspiratorial conduct." Thornton makes very few specific allegations against Judge Clinton, but he apparently believes Judge Clinton tortiously failed to empanel a jury to determine his competency, Mot. 8 (ECF No. 30), and she issued a legal document after Dr. Pittman determined Thornton was not competent. Am. Compl. 1 (ECF No. 36). Thornton makes no specific allegations against Justice Burns. Rather, it appears that Thornton believes Justice Burns is liable to him because ADA Allen acted "during the tenure of [Justice] Burns." *Id.* 2.

6

It is well-established that judges are generally protected by absolute immunity for judicial actions they take within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009); *Sparks v. Duval Cnty. Ranch Co., Inc.*, 588 F.2d 124, 125 (5th Cir. 1979) (per curiam). In fact, "[j]udicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles*, 502 U.S. at 11). Moreover, "[t]he fact that it is alleged that the judge acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity." *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991).

Judge Clinton, a state trial judge, and Justice Burns, a state appellate judge, are both judges in the state of Texas, and they engaged in the conduct of which Thornton complains in their roles as a state court judges. Judge Clinton and Chief Justice Burns are entitled to absolute immunity with respect to Thornton's claims. Therefore, the Court should dismiss Thornton's claims against Judge Clinton and Chief Justice Burns. *See Stump*, 435 U.S. at 356; *see also Mireles*, 502 U.S. at 9-10.

4. **Habeas Claims**

Finally, Thornton attacks the legality of his pretrial detention at Dallas County Jail, and he seeks release from his unlawful confinement. For

7

example, he argues that he is being unlawfully confined at the Dallas County Jail. Am. Compl. 4 (ECF No. 10). He further argues that they are "keeping [him] confined on a nonexistent trial." Compl. 3 (ECF No. 3). A pretrial detainee's claims are properly brought under 28 U.S.C. § 2241, which applies to a person in custody, regardless of the present status of the case pending against that person or whether a court has rendered a final judgment. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (citing *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987)). Thornton's habeas claims under § 2241 will be severed from this civil rights action.

**Conclusion**

The Court should DISMISS Thornton's civil claims under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

Additionally, the Court SEVERS Thornton's habeas claims under § 2241 from this civil rights action and directs the Clerk of Court to open a new habeas case (nature of suit 530) for the now-severed claims and file a copy of this order in that case. ECF Numbers 3, 4, 10, 23, 30 and 36 should also be docketed in that new case, and the new case should be assigned to the same District Judge and Magistrate Judge as this civil rights case. Finally, all future pleadings related to the severed habeas matter should be filed in the new case.

**SO RECOMMENDED**.

December 22, 2022.

 

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

9