IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON, | § | |
| #22003389 | § | |
|        Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-00605-C-BT |
| | § | |
| MICHAEL PITTMAN, et al., | § | |
|        Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Shedrick Thornton's motion to proceed *in forma pauperis* on appeal. (ECF No. 48.) For the following reasons, the Court should deny Thornton's motion.

I.

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether good faith exists "is limited to whether the appeal involves legal points

arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

II.

Thornton initiated this civil action on March 15, 2022, when he filed his *pro se* complaint. Compl. (ECF No. 3). The magistrate judge recommended that Thornton's civil claims be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). FCR (ECF No. 42). Thornton filed objections (ECF No. 44), but they were overruled. On January 17, 2023, the Court accepted the magistrate judge's recommendation, dismissed this civil action with prejudice, and entered judgment. Ord. (ECF No. 45); J. (ECF No. 46).

The Court found that Thornton's civil action was frivolous and subject to dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). If Thornton is allowed to proceed *in forma pauperis* on appeal, his appeal will ultimately also be dismissed as frivolous. Therefore, Thornton's appeal of the Court's dismissal of this civil action lacks merit and is therefore frivolous. *See Moore*, 858 F. App'x at 172.

III.

Thornton is incarcerated and is appealing an unfavorable judgment in a civil action, so the Prison Litigation Reform Act (PLRA) applies, and the full filing fee to initiate this appeal is **$505.00**.

The Court assesses an initial partial filing fee of **$0.00**. The agency having custody of Thornton shall collect the sum from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court. *See* 28 U.S.C. § 1915(b)(1). Thereafter, Thornton shall pay **$505.00**, the balance of the filing fee, in periodic installments. Thornton is required to make payments of **20%** of the preceding months' income credited to his prison account, provided the account exceeds **$10.00**, until he has paid the total filing fee of **$505.00**.

The agency having custody of Thornton shall collect this amount from the trust fund account or the institutional equivalent when funds are available and when permitted by 28 U.S.C. § 1915(b)(2) and forward it to the clerk of the district court.

IV.

The Court should find Thornton's appeal is not taken in good faith and DENY his motion for leave to proceed *in forma pauperis* on appeal. The Court should also assess an initial partial filing fee of **$0.00**.

If the Court denies Thornton's request to proceed *in forma pauperis* on appeal, he may challenge that finding, by filing a separate motion to

proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit within 30 days. *See Baugh*, 117 F.3d at 202; *see also* Fed. R. App. P. 24(a)(5).

Signed February 16, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).